# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LUCIEN SHEPPARD,** | ) | Case No.: 2:22-CV-2120 |
| **KARLTON JONES,** | ) | |
| **LARRY LLOYD,** | ) | **JUDGE** |
| **MICHAEL MANGAN,** | ) | |
| **ANDREW CRAMER,** | ) | |
| **ANTHONY HOPKINS,** | ) | |
| *Individually, and on behalf of a class of* | ) | **CIVIL RIGHTS ACTION** |
| *other similarly situated individuals* | ) | **42 U.S.C. § 1983** |
| | ) | |
| Plaintiffs**,** | ) | **Class Action** |
| | ) | |
| *vs.* | ) | |
| | ) | |
| **MIKE DEWINE,** | ) | |
| In his official capacity as Governor of the | ) | |
| State of Ohio | ) | **JURY DEMAND ENDORSED HEREON** |
| 77 South High Street, 30th Floor | ) | |
| Columbus, Ohio 43215-6117 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| **ANNETTE CHAMBERS-SMITH,** | ) | |
| In her official capacity as Director of the | ) | |
| Ohio Department of Rehabilitation and | ) | |
| Corrections | ) | |
| 770 West Broad Street | ) | |
| Columbus, Ohio 43222 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| **CRAIG SHUMAKER,** | ) | |
| Individually and in his official capacity as | ) | |
| Executive Director of the West Central | ) | |
| Community Correctional Facility | ) | |
| 18200 State Route 4 North | ) | |
| Marysville, Ohio 43040 | ) | |
| | ) | |

|  |  |
|---|---|
| and | ) |
|  | ) |
| **JUDICIAL ADVISORY BOARD,** | ) |
| c/o West Central Community Correctional | ) |
| Facility | ) |
| 18200 State Route 4 North | ) |
| Marysville, Ohio 43040 | ) |
|  | ) |
| and | ) |
|  | ) |
| **FACILITIES GOVERNING BOARD,** | ) |
| c/o West Central Community Correctional | ) |
| Facility | ) |
| 18200 State Route 4 North | ) |
| Marysville, Ohio 43040 | ) |
|  | ) |
| Defendants. | ) |

Plaintiffs, Lucien Sheppard, ("Sheppard"); Karlton Jones, ("Jones"); Lawrence Lloyd, ("Lloyd"); Michael Mangan, ("Mangan"); Andrew Cramer, ("Cramer"); and, Anthony Hopkins, ("Hopkins"); by and through the undersigned class counsel, and on behalf of a class of similarly situated individuals, file this Complaint, and allege as follows:

### I:     PRELIMINARY STATEMENT

1.     This is a civil rights action, under 42 U.S.C § 1983.

2.     All of the Plaintiffs, and class, practice the religion of Islam.

3.     All of the Plaintiff, and class, have been inmates at Defendant West Central Community Correctional Facility. ("WCCCF").

4.     WCCCF is in contract with and under the guidelines of the Ohio Department of Rehabilitation and Corrections. ("ODRC").

5.     All of the Plaintiffs, and class, were required to shave their beards.

6.     All of the Plaintiffs, and class, were required to shave while nude.

2

7. Employees of WCCCF would be physically present and watch the shaving process.

8. Plaintiffs, and class, were never offered religious accommodations for their beard.

9. Employees of WCCCF had their cell phones out while the class members were nude and shaving their facial hair.

10. Plaintiffs, and class, were subject to comments and ridicule from employees of WCCCF, while being nude

11. Plaintiffs, and class, made complaints under WCCCF Prison Rape Elimination Act, ("PREA"), guidelines.

12. Plaintiffs exhausted all administrative remedies available prior to the filing of the subject action.

## II: JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 42 U.S.C. §1983.

14. This Court has subject matter jurisdiction pursuant to: (a) 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States; and (b) 28 U.S.C. §1343 because this action seeks to redress the deprivation of Plaintiff's rights by the Defendants acting under color of state law.

15. This Court has supplemental jurisdiction over the claims arising under state law under 28 U.S.C. §1367.

16. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because substantially all of the events that give rise to the claims in this action occurred in Union County, Ohio.

17. This Court has declaratory judgment jurisdiction, pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202.

### III:   THE PARTIES

18. Lucien Sheppard, ("Sheppard"), is a citizen and resident of the State of Ohio.

19. Karlton Jones, ("Jones"), is a citizen and a resident of the State of Ohio.

20. Lawrence Lloyd, ("Lloyd"), is a citizen and resident of the State of Ohio.

21. Michael Mangan, ("Mangan"), is a citizen and resident of the State of Ohio.

22. Andrew Cramer. ("Cramer"), is a citizen and resident of the State of Ohio.

23. Anthony Hopkins, ("Hopkins"), is a citizen and resident of the State of Ohio.

24. Defendant, Mike DeWine, ("DeWine"), at all relevant times, has been and continues to be the Governor of the State of Ohio and has ultimate executive authority over the ODRC under Article III, Section 5 of the Ohio Constitution.

25. Defendant, Annette Chambers-Smith, at all times relevant, has been and continues to be the Director of the Ohio Department of Rehabilitation and Correction.

26. Defendant, Craig Shumaker, ("Shumaker"), at all times relevant to the complaint, has been the Executive Director of WCCCF.

27. Defendant, Judicial Advisory Board, ("the Board"), is a public body created under R.C. §2301.51, et seq., for the purposes of operating WCCCF.

28. Defendant, WCCCF, is a community-based corrections facility under R.C. §2301.51, et seq. and §5120-1-14-01, of the Ohio Administrative Code.

### IV:   STATEMENT OF FACTS

29. WCCCF is subject to the guidelines promulgated by the ODRC.

30. ODRC has religious accommodation regulations. (See ODRC 72-REG-02).

31. ODRC has a religious accommodation policy for the Muslim faith. (See ODRC 72-REG-12).

32. ODRC has a regulation in regard to inmate hair care. (See ODRC 65-GRM-01)

33. WCCCF is subject to Ohio Administrative Code 5120-9-25

34. WCCCF does not track how many inmates are members of the Muslim faith.

35. WCCCF does not offer religious accommodation to those of the Muslim faith.

36. That the shaving of a Muslim man's beard is *Haraam* (forbidden).[1]

37. Plaintiff, and class members, have exhausted their administrative remedies prior to filing this action.

## V: **CLASS ACTION ALLEGATIONS**

38. Plaintiffs bring this action, pursuant to Fed. R. Civ. Pro. 23(b)(1), 23(b)(2), and, in the alternative Fed. R. Civ. Pro. 23(c)(4), on behalf of themselves and a class of similarly situated individuals.

39. Plaintiffs seek to represent a class that is defined as any Muslim who has been or will be in custody at WCCCF and required to complete the intake process at WCCCF.

40. A class action is the only practical means by which the individual named Plaintiffs and the class members can challenge the WCCCF's unconstitutional actions. Many members of the class are without the means to retain an attorney to represent them in civil rights litigation.

41. Plaintiff's demand that WCCCF be required to offer accommodation to those of the Muslim faith.

---

[1] "Cut the moustaches short and leave the beard." *Hadith* of Muhammad.

5

42. WCCCF is a state actor.

43. The class is so numerous that joinder of all members is not practical.

44. There are questions of law or fact common to the class.

45. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

46. The representative parties will fairly and adequately protect the interests of the class.

47. Common questions predominate over questions effecting only individual members.

48. That a class action is superior to other available methods of resolving the claims.

## VI: <u>FIRST CAUSE OF ACTION</u>

### Violation of First Amendment
### (42 U.S.C. §1983; 42 U.S.C. §2000cc; 42 §U.S.C. 2000bb)

49. Plaintiffs, and class, hereby re-allege and re-aver all previous paragraphs as if fully set forth herein.

50. Plaintiffs, and class, have a right to the free exercise of religion under First Amendment to the United States Constitution, which is applicable to Ohio under the 14th Amendment to the United States Constitution.

51. WCCCF have violated Plaintiffs, and the class', constitutional rights, by not permitting Plaintiffs, and the class, to maintain their hair and facial hair in a customary fashion for those in the Muslim faith.

52. WCCCF have violated Plaintiffs, and the class', constitutional rights, by requiring Plaintiffs, and the class, to cut their hair.

53. WCCCF have violated Plaintiffs, and the class', constitutional rights, by not accommodating Plaintiffs, and the class, Muslim faith.

54. That a plain reading of 42 U.S.C. § 2000cc, the Religious Land Use and Institutionalized Persons Act, not to mention the case law interpreting said statute, entitles Plaintiffs to *immediate* injunctive relief prohibiting the aforementioned state actor from forcibly shearing the beards of adherents of the Islamic Faith.

55. That, in addition to the injunctive relief available to the Plaintiffs, said aggrieved parties are entitled to damages by virtue of the Defendants' violation of the Religious Freedom Restoration Act, 42 § U.S.C. 2000bb.

56. As a direct and proximate result of Defendants' conduct Plaintiffs, and the class, have suffered compensatory damages, punitive damages, attorney's fees, economic damages, noneconomic damages, psychic injuries, emotional distress, and other damages to be proven at trial.

### VII: <u>SECOND CAUSE OF ACTION</u>

**Violation of Article I, Section 7, of the Ohio Constitution (42 U.S.C. §1983)**

57. Plaintiffs, and class, hereby re-allege and re-aver all previous paragraphs as if fully set forth herein.

58. Article I, Section 7 of the Ohio Constitution, guarantees freedom of religion to all.

59. WCCCF have violated Plaintiffs, and the class', constitutional rights, by not permitting Plaintiffs, and the class, to maintain their hair in a customary fashion for those in the Muslim faith.

60. WCCCF have violated Plaintiffs, and the class', constitutional rights, by requiring Plaintiffs, and the class, to cut their hair.

61. WCCCF have violated Plaintiffs, and the class', constitutional rights, by not accommodating Plaintiffs, and the class, Muslim faith.

62. That the Plaintiffs are entitled to injunctive relief prohibiting the actions described in the Complaint from reoccurring.

63. As a direct and proximate result of Defendant's conduct Plaintiff, and the class, have suffered compensatory damages, punitive damages, attorney's fees, economic damages, noneconomic damages, psychic injuries, emotional distress, and other damages to be proven at trial.

## VIII: THIRD CAUSE OF ACTION

### Violation of the Eighth Amendment (42 U.S.C. §1983)

64. Plaintiffs, and class, hereby re-allege and re-aver all previous paragraphs as if fully set forth herein.

65. The Eighth Amendment to the United States Constitution, as incorporated against the States by the Fourteenth Amendment to the United States Constitution, guarantees that prisoners may not been subject to cruel and unusual punishment by state actors.

66. WCCCF have violated Plaintiffs, and the class', constitutional rights, by not permitting Plaintiffs, and the class, to maintain their hair in a customary fashion for those in the Muslim faith.

67. WCCCF have violated Plaintiffs, and the class', constitutional rights, by requiring Plaintiffs, and the class, to cut their hair.

68. WCCCF have violated Plaintiffs, and the class', constitutional rights, by not accommodating Plaintiffs, and the class, Muslim faith.

69. As a direct and proximate result of Defendant's conduct Plaintiff, and the class, have suffered compensatory damages, punitive damages, attorney's fees, economic damages, noneconomic damages, psychic injuries, emotional distress, and other damages to be proven at trial.

### IX: <u>FOURTH CAUSE OF ACTION</u>

**State Law Claim for Interference with Civil Rights (R.C. §2921.45)**

70. Plaintiffs, and class, hereby re-allege and re-aver all previous paragraphs as if fully set forth herein.

71. WCCCF owes a duty to Plaintiffs, and the class, under Article I, Section 9 of the Ohio Constitution, to protect them from cruel and unusual punishment.

72. WCCCF have violated Plaintiffs, and the class', constitutional rights, by not permitting Plaintiffs, and the class, to maintain their hair in a customary fashion for those in the Muslim faith.

73. WCCCF have violated Plaintiffs, and the class', constitutional rights, by requiring Plaintiffs, and the class, to cut their hair.

74. WCCCF have violated Plaintiffs, and the class', constitutional rights, by not accommodating Plaintiffs, and the class, Muslim faith.

75. As a direct and proximate result of Defendant's conduct Plaintiff, and the class, have suffered compensatory damages, punitive damages, attorney's fees, economic damages, noneconomic damages, psychic injuries, emotional distress, and other damages to be proven at trial.

## X: **FIFTH CAUSE OF ACTION**

### **State Law Claim for Battery**

76. Plaintiffs, and class, hereby re-allege and re-aver all previous paragraphs as if fully set forth herein.

77. WCCCF, through its employees, touched Plaintiffs, and other class members, by cutting their hair.

78. WCCCF, through its employees, did not have consent to touch Plaintiffs, and the other class members.

79. That the actions described in the Complaint constitute a harmful or offensive touching, an intentional tort, and, consequently, the Plaintiffs are entitled to recover in law for damages sustained by Defendants' volitional actions.

80. As a direct and proximate result of Defendant's conduct Plaintiff, and the class, have suffered compensatory damages, punitive damages, attorney's fees, economic damages, noneconomic damages, psychic injuries, emotional distress, and other damages to be proven at trial.

## XI: **SIXTH CAUSE OF ACTION**

### **State Law Claim for Intentional Inflection of Emotional Distress (Common Law)**

81. Plaintiffs, and class, hereby re-allege and re-aver all previous paragraphs as if fully set forth herein.

82. WCCCF had a duty not to inflict intentional infliction of emotional distress on Plaintiffs, and the class members.

83. WCCCF breached that duty by not permitting Plaintiffs, and the class, to maintain their hair in a customary fashion for those in the Muslim faith.

84. WCCCF breached that duty by requiring Plaintiffs, and the class, to cut their hair.

85. WCCCF breached that duty by not accommodating Plaintiffs, and the class, Muslim faith.

86. WCCCF's conduct was intentional.

87. WCCCF's conduct was outrageous and shocked the conscious.

88. As a direct and proximate result of Defendant's conduct Plaintiff, and the class, have suffered compensatory damages, punitive damages, attorney's fees, economic damages, noneconomic damages, psychic injuries, emotional distress, and other damages to be proven at trial.

### XII: SEVENTH CAUSE OF ACTION

**Prison Rape Elimination Act violations (34 U.S.C. §30301, et seq.)**

89. Plaintiffs, and class, hereby re-allege and re-aver all previous paragraphs as if fully set forth herein.

90. WCCCF is accredited for PREA.

91. WCCCF is subject to PREA. (See 28 C.F.R. Part 115).

92. WCCCF, by and through their employees, committed voyeurism, as defined by 28 C.F.R. Part 115.6(8); and, sexual harassment, as defined by 28 C.F.R. Part 115.6.

93. WCCCF breached PREA by making repeated verbal comments or gestures towards Plaintiffs, and the class member's, naked bodies and genitals.

94. As a direct and proximate result of Defendant's conduct Plaintiff, and the class, have suffered compensatory damages, punitive damages, attorney's fees, economic damages, noneconomic damages, psychic injuries, emotional distress, and other damages to be proven at trial.

## XIII: SEVENTH CAUSE OF ACTION

### Declaratory Judgment (28 U.S.C. §2201 and §2202)

95. Plaintiffs, and class, hereby re-allege and re-aver all previous paragraphs as if fully set forth herein.

96. Plaintiffs, and class, request this Court to declare WCCCF's conduct unconstitutional.

97. Plaintiffs, and class, request this Court to declare that WCCCF is required to provide religious accommodation to those of the Muslim faith.

98. Plaintiffs, and class, the prevailing party in this action.

99. Declare WCCCF is subject to the ODRC's guidelines, rules, and regulations.

## XIV: JURY DEMAND

100. Plaintiffs, and class, demand a jury trial on all claims so triable, pursuant to Civ. R. 38(b).

## XV: PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demands that judgment be entered in their favor on all counts and prays the Court award the following relief:

A. Compensatory damages in an amount to be shown at trial that is greater than $75,001;

B. Punitive damages based upon Defendants' willful, wanton, malicious, and reckless conduct in an amount to be shown at trial;

C. Costs incurred in this action and reasonable attorney fees under 42 U.S.C. §1988;

D. Prejudgment interest; and

E. Assume jurisdiction of the Class's state law claims; and,

F. Declare the Class Members the prevailing party in this action; and,

G. Certification that this is a class action; and,

H. Enjoin Defendant from cutting any hair that does not comport to the Muslim faith.

I. Require Defendant to provide religious accommodation to those of the Muslim faith.

J. Any further and different relief as this Honorable Court deems just and proper.

Respectfully submitted,

/s/ *Wesley C. Buchanan*
Wesley Buchanan (0090283)
Thomas L. Erb, Jr. (0089421)
Trial Attorneys for the Class
50 South Main St. Suite 625
Akron, OH 44308
P: (330) 249-1778
F: (330) 752-2821
E: wes@erblegal.com
E: tom@erblegal.com


/s/ *Michael Callow*
Michael Callow (0065579)
Trial Attorney for the Class
3995 Medina Road, Suite 230
Westfield Center, OH 44256
P: (330) 721-2889
E: attorneymikecallow@gmail.com

/s/ *Sarah Thomas Kovoor*
Sarah Thomas Kovoor (0069223)
Trial Attorney for the Class
P.O. Box 310
Warren, OH 44482
P: (330) 974-1212
F: (330) 974-1220
E: office.klaw@gmail.com

Plaintiffs demand a trial by jury on all claims so triable.

/s/ *Sarah Thomas Kovoor*
Wesley Buchanan
Thomas L. Erb
Michael Callow
Sarah Thomas Kovoor
Trial Attorneys for the Class

14